## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**CECIL ROARK, II**                                                                                          **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 5:10CV-P147-R**

**TAMMY ROBERTSON** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

#### I. INTRODUCTION

Plaintiff, Cecil Roark, II, a convicted inmate currently incarcerated at the Little Sandy Correctional Complex filed this 42 U.S.C. § 1983 action against: LaDonna Thompson, the Commissioner of the Kentucky Department of Corrections; and the following Crittenden County Detention Center officials-Jailer Rickey Riley, Major Tammy Robertson, Deputy Jailer Bryan Hollis, and Deputy Jailer Robert Donahoo. Plaintiff sues each Defendant in his/her individual and official capacity. He is seeking compensatory and punitive damages.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Plaintiff's complaint.

For the reasons set forth below, the Court will dismiss all of Plaintiff's claims against Defendant Thompson and his official-capacity claims against Defendants Riley, Robertson, Hollis, and Donahoo. The Court will allow Plaintiff's 42 U.S.C. § 1983 individual-capacity claims against Defendants Riley, Robertson, Hollis, and Donahoo to proceed for further

development.  In so doing, the Court expresses no opinion on the ultimate outcome of the surviving claims.

## II. ANALYSIS

### A. Facts

On July 14, 2009, the Kentucky Department of Corrections assigned him to the Crittenden County Detention Center ("CCDC) to serve out his sentence.  Approximately three months after entering the CCDC, Plaintiff filed a grievance complaining that the food was cold and uncooked posing health risks, and that he was being sexually harassed by a shift guard who was trying to induce him to engage in prohibited sexual conduct with him.  Plaintiff states that the CCDC Defendants retaliated against him for filing the grievances by tampering with his food, placing him in segregation, and refusing to flush the toilet in his isolated cell for four days.[1]  He further alleges that when he requested Defendant Robertson to flush his toilet, she refused and sprayed pepper spray in his cell 'to further taunt him."  Plaintiff states that Defendant Riley eventually joined in the taunting and tasered Plaintiff twice in the back.  He states that at the time Defendant Riley used the taser he was handcuffed and fully compliant with the directives of the officers.  He alleges that Defendant Riley also physically taunted him by pulling his hair.  He states that the other Defendants filed false reports of the incident to cover up the wrongful actions of Defendants Riley and Robertson and their own previous acts of retaliation.  He states that he wrote letters to Commissioner Thompson explaining the way that he was being treated at the CCDC, but that she did not do anything to assist him.

---

[1]Plaintiff explains that urine and feces built up in the toilet causing an almost unbearable smell in his cell.

**B.	42 U.S.C. § 1983**

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

    **1.	Official-capacity claim against Defendant Thompson**

Plaintiff's official-capacity claim against Defendant Thompson will be dismissed on two bases. First, Defendant Thompson, as a state official and employee sued in her official capacitiy for money damages, is absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71. Second, Defendant Thompson is not a "person" subject to suit within the meaning of § 1983 when sued in her official capacity for monetary damages. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). Consequently, Plaintiff's § 1983 official-capacity claim for damages against Defendant Thompson must be dismissed.

    **2.	Individual-capacity claim against Defendant Thompson**

"Respondeat superior[2] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be

---

[2] Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Defendant Thompson's position as Commissioner of the Kentucky Department of Corrections does not automatically make her liable for the actions/inactions of her subordinates. Because Plaintiff's allegations against Defendant Thompson relate only to her role as Commissioner of the Kentucky Department of Corrections, he has failed to state a cognizable individual-capacity claim against her under § 1983.

### 3. Official-capacity claims against CCDC officials

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Robertson, Riley, Hollis, and Donahoo are, therefore, actually against Crittenden County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

4

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaints appear to be isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants'

5

actions occurred as a result of a policy or custom implemented or endorsed by Crittenden County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly, the official-capacity claims against Defendants Robertson, Riley, Hollis and Donahoo will be dismissed

    **4.    Individual-capacity claims against CCDC officials**

Upon review of Plaintiff's complaint, the Court will allow his 42 U.S.C. § 1983 Eighth Amendment cruel and unusual punishment and First Amendment retaliation claims to proceed against Defendants Robertson, Riley, Hollis, and Donahoo in their individual capacities. The Court will enter a separate Scheduling Order to govern the development of these surviving claims.

### IV. ORDER

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims against Defendant Thompson are **DISMISSED** pursuant to 28 U.S.C.§ 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief; and that his individual-capacity claims against Defendant Thompson and his official-capacity claims against Defendants Robertson, Riley, Hollis, and Donahoo are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Having dismissed all Plaintiff's claims against Defendant LaDonna Thompson, the Clerk of Court is **DIRECTED** to terminate her as a party to this action.

Date:

cc:    Plaintiff, *pro se*
        Defendants
        Crittenden County Attorney
4413.008